LENTZ, Appellant, vs. LENTZ and others, Respondents.*

*November 15—December 15, 1948.*

---

\* Motion for rehearing denied, with $25 costs, on February 15, 1949.

For the appellant there was a brief by *Joseph G. Page,* and oral argument by *Cleland P. Fisher,* both of Janesville.

*George H. Murwin,* attorney, and *Leon Feingold* of counsel, both of Janesville, for the respondents.

WICKHEM, J. Plaintiff's complaint alleges that during the summer of 1935 at Janesville, Wisconsin, defendants conveyed certain real estate to plaintiff by quitclaim deed; that the deed was properly executed but never recorded; that it later disappeared from a trunk which was in plaintiff's possession; upon information and belief that the deed has been destroyed or permanently lost. It was further alleged that defendants, although requested to do so, have failed and refused to execute a deed to replace the original deed.

The answer of defendants, Walter F. and Dorothy S. Lentz, denied the execution and delivery of the deed, and that plaintiff had often requested defendants to execute another deed and alleges that the premises are owned by defendants, Walter F. and Dorothy S. Lentz. Further answering, defendants Walter F. and Dorothy S. Lentz alleged that many years ago plaintiff executed a deed of this property to Walter F. Lentz and Arthur Lentz; that a part of the consideration was that plaintiff would have the use of the upstairs of the premises during his lifetime; that since that time defendant, Walter F. Lentz, has used the premises as his own, has paid the real-estate taxes and upkeep on the premises and built a substantial shop on the premises, as well as furnishing maintenance and support to plaintiff; that several years after this conveyance defendant, Arthur W. Lentz, conveyed his interest in said premises to

defendants, Walter F. Lentz and wife, in exchange for which Walter F. Lentz agreed to pay Arthur the sum of $2,000 upon the death of plaintiff.

After trial to the court, the court found that defendants, Walter F. and Arthur W. Lentz, did not make the deed or conveyance to plaintiff relied upon as the basis for his recovery in the action and that Walter F. Lentz is the sole owner of the real estate involved in the action, having acquired the full interest successively from plaintiff in 1930 and from Arthur in 1944.

The sole question before this court is whether this finding is sustained by the evidence. The evidence on both sides was unsatisfactory. The finding is supported by the testimony of Walter F. Lentz and his wife and is contrary to the testimony of plaintiff and to an admission by Arthur W. Lentz, brother of Walter, and a codefendant who defaulted in the action. There is consequently a conflict of evidence. Plaintiff seeks by a qualitative criticism of defendants' testimony and a comparison of it with that offered by plaintiff to show that the findings are against the weight of the evidence. The strongest criticism of the testimony of Walter F. Lentz is that upon adverse examination he stated that he and his wife signed the deed in Mr. McWilliams' office. Plaintiff concedes that this was in response to a question concerning the deed executed in 1930 by plaintiff to defendants, Walter F. and Arthur W. Lentz. Such a deed would, of course, not be signed by grantees. Plaintiff argues, however, that Walter evidently had in mind the occasion of executing a deed by himself and wife to plaintiff and that his answer constitutes an implied admission favorable to plaintiff. Upon the trial defendant Walter F. Lentz accounted for his testimony upon the adverse examination by stating that what he had in mind was that he and his wife had executed a mortgage to secure a loan of $2,000 obtained for the benefit of plaintiff and that on January 2, 1936, he and his wife signed another mortgage on the premises for plaintiff's benefit. Since all of the remaining testimony of Walter

constituted a vehement denial that he had ever executed a deed reconveying the property to plaintiff, the trial judge was entitled to conclude that he was confused at the time of the adverse examination and that his explanation was acceptable.

An attorney of good standing in the community who had for years acted as attorney for plaintiff testified to the fact that the deed was executed as claimed by plaintiff. He, however, remembered none of the details of the transaction and had no memorandum concerning it. In 1944 he drafted the deed from Arthur W. Lentz to Walter F. Lentz which indicated that at that time he assumed the title to be in Arthur and Walter. While the scrivener's testimony is entitled to credence so far as his veracity is concerned, it is evident that the matter was sufficiently ancient that the trial court was not required as a matter of law to accept it as an accurate recollection.

Arthur W. Lentz was called adversely and testified to remembering that he had signed a deed in the office of the scrivener in 1935. However, in 1944 Arthur signed a deed of his half of the premises to Walter and testified that he owned a half interest at that time. He also stated that he did not know that the instant suit was for the purpose of cutting off any interest he might have in the premises. Plaintiff's testimony is subject to the infirmity that subsequent to the alleged deed of reconveyance he considered it necessary to have his sons mortgage the property and this would not be necessary if by that time they had revested title in him. It is clear that all the foregoing evidence was subject to such infirmities that the trial court was not bound to believe it. As far as the parties are concerned it is evident that they had little appreciation of the character, effect, and manner of execution of instruments relating to conveyances and that their memories were somewhat confused. We have already commented upon the testimony of the scrivener. It should be pointed out that this is not a case where the court was required to make affirmative

findings.    The burden was on plaintiff to satisfy the court that
a deed of reconveyance was executed in 1935.

There is applicable to the situation what this court said in
*Banking Comm. v. First Wisconsin Nat. Bank,* 234 Wis. 60,
97, 290 N. W. 735 :

"Hence, to warrant its findings, the trial court was not re-
quired to be satisfied that National did not participate in an
illegal transaction or know of its illegal purpose.    It was
enough if the trial court was unconvinced to the requisite de-
gree that it did so know and participate.    Thus, its findings
are not so much affirmative or positive findings of want of
knowledge and participation as an indication that the trial
court was not satisfied to the requisite degree of the existence
of such facts."

We conclude that the court was warranted in entertaining
a legitimate doubt that there had been any deed of reconvey-
ance and in concluding that plaintiff had not sustained his bur-
den of proof.

*By the Court.*—Judgment affirmed.